IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PREMIUM PAYMENT PLAN<br>　　　　　　Plaintiff,<br>　　v.<br>SHANNON CAB CO.,<br>　　　　　　Defendant. | Civ. Action No. 04-4669 |

**MEMORANDUM/ORDER**

Presently pending before the court are plaintiff's motion to enlarge the time to serve defendant (Docket No. 5) and petition asking this court to approve alternative service (Docket No. 8). For the reasons explained herein, the motions will be granted.

Both of plaintiff's filings concern service of process in a breach of contract action, filed in October 2004, that is in this court pursuant to 28 U.S.C. § 1332. As a general matter, Rule 4(m) of the Federal Rules of Civil Procedure requires that service be made within 120 days after the filing of the complaint, which would have been in February 2005. From the docket, it appears that plaintiff attempted to serve defendant at addresses on North Front Street, Philadelphia, in November 2004, and service was erroneously listed on the docket as having been successful. As it turns out, defendant had vacated the North Front Street location and service was never effected. In March 2005, plaintiff made further attempts to serve defendant at the residence of defendant's President,

Secretary, and Treasurer, Lisa Etemad.[1]  As the March 2005 affidavit of non-service reflects, the process server, with the assistance of the Bucks County Sheriff, made "many attempts" to serve defendant's officer.  Despite the fact that "people [were] inside" the location, they would "not come to [the] door" and hence could not be served.

After the failed service attempts in March 2005, nothing was docketed in this case for two years.  On March 7, 2007, the court issued a notice to plaintiff warning that it risked dismissal under Rule 41.1(a) of the Local Rules of Civil Procedure for failure to prosecute due to the case's inactivity.  Plaintiff thereafter contacted the court to inform it of its intent to proceed.  It was at this time that it came to my attention that service had never been properly effected.

On April 12, 2007, in a telephone conversation with plaintiff, it was agreed that the court should grant plaintiff thirty days to renew its attempts to effect service.  Plaintiff followed up on this conversation with a motion to enlarge the time for service by thirty days from April 12, 2007, which I will now grant *nunc pro tunc*.

Within the enlarged period of service, plaintiff again tried to serve defendant, but was unsuccessful.  As reflected in an affidavit from the process server, "several attempts" were made to serve defendant's officer at the Etemad residence on April 10, 2007, but the people inside the residence "refuse[d] to come to [the] door."  Docket # 8, Ex. B. Moreover, as an affidavit of plaintiff's attorney documents, further attempts were made

---

[1] Lisa Etemad and her husband, Michael Etemad, live at 7 Mallard Pond Cir., Newtown, PA 18940.

between April 10, 2007 and April 17, 2007, including a stake-out of the Etemad's residence at 7 Mallard Pond Cir., Newtown, PA, but defendant's officer continued to evade service.  *See* Affidavit of Kenneth Spivack, Esq. (Docket # 8).

In plaintiff's petition for alternative service, plaintiff provides Postal Service records confirming that the 7 Mallard Pond Cir. address, where the recent service attempts were made, is the current address for defendant's officer.  *See* Docket # 8, Ex. I.  Moreover, plaintiff's submissions contain affidavits of unsuccessful service by other plaintiffs against defendant, further confirming that defendant's officer was "avoiding service."  *See* Docket # 8, Ex. G.  It is with all of this in mind that I turn to plaintiff's petition for alternative service.

Due process requires that service of process be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Rule 4(e)(1) of the Federal Rules of Civil Procedure directs that service may be effected in accordance with the rules of the state in which the district court sits or in which service is effected—which, in this case, is Pennsylvania.  Rule 430 of the Pennsylvania Rules of Civil Procedure states that "[i]f service cannot be made . . . the plaintiff may move the court for special order directing the method of service."  In determining whether to permit alternative service, the court must evaluate whether the plaintiff has satisfied three conditions: (1) the "plaintiff must make a 'good

faith' effort to locate defendant"; (2) "once defendant is located, plaintiff must show that [he] has made practical efforts to serve [the] defendant under the circumstances. Depending on the defendant's situation, circumstances may warrant, for example, visiting the defendant's location on different days of the week, or at different times of day"; and (3) "if the plaintiff has satisfied the first two steps, the plaintiff's proposed alternate means of service must be reasonably calculated to provide the defendant with notice of the proceedings against him." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006).

Here, plaintiff has made a good faith effort to locate the defendant; to wit, plaintiff has confirmed with the Postal Service that defendant's officer resides at 7 Mallard Pond Cir. in Newtown, but is refusing to accept service. The affidavit of plaintiff's attorney avers that the second step has been satisfied by repeated attempts to serve the defendant's officer, including a stake-out at the 7 Mallard Pond Cir. location. Thus, all that is at issue is the third step—whether plaintiff's proposed alternate means are calculated to provide the defendant with the notice of proceedings against it.

Plaintiff suggests four types of service: (1) advertisement in the Bucks County Courier Times; (2) regular and first class mail to the 7 Mallard Pond Cir. residence; (3) service on the Pennsylvania Department of State Corporation Bureau; and (4) posting at the 7 Mallard Pond Cir. residence. The court believes that these alternate means are calculated to provide notice to the defendant of the proceedings. Posting at and mailing

4

to the Mallard Pond residence will place defendant's officer on notice at the legal residence, while publishing in the Bucks County Courier and serving the State Corporation Bureau will provide for notice in the unlikely event that defendant's officer avoids the legal residence in a further attempt to evade service.

AND NOW, this 10th day of August, 2007, based on the foregoing, plaintiff's motion to enlarge the time to serve defendant by thirty days from April 12, 2007 is GRANTED *nunc pro tunc*. It is further ORDERED that plaintiff's motion for alternative service is GRANTED, permitting service on Defendant, Shannon Cab Co. t/a Golden Limo Services a/t/a Luxury Limo Company by:

> 1. Publication
> By advertising a notice of the action in the following publication:
> Bucks County Courier Times
> 8400 Bristol Pike
> Levittown, PA 19057
>
> 2. Regular & First Class mail to:
> Shannon Cab Co. t/a Golden Limo Services a/t/a Luxury Limo Co.
> c/o Lisa Etemad
> 7 Mallard Pond Circle
> Newtown, PA 18940
>
> 3. Secretary of State by forwarding a certified copy of this Honorable Court's Order and a copy of the Complaint, by certified mail, return receipt requested to:
> Department of State
> Corporation Bureau
> P.O. Box 8722
> Harrisburg, PA 17105-8722

4. Posting on:
Shannon Cab Co. t/a Golden Limo Services a/t/a Luxury Limo Co.
c/o Lisa Etemad
7 Mallard Pond Circle
Newtown, PA 18940

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.