# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PREMIUM PAYMENT PLAN,<br>    Plaintiff,<br>    v.<br>SHANNON CAB CO. T/A GOLDEN LIMO SERVICES A/T/A LUXURY LIMO,<br>    Defendant. | Civil Action No. 04-4669 |

**MEMORANDUM ORDER**

December 21, 2010                                                                                               Pollak, J.

As I have explained at greater length in a prior opinion dated June 16, 2010, *see* Docket No. 69, the plaintiff in this diversity case, Premium Payment Plan, has brought a breach of contract case claiming that it was contractually authorized by defendant Shannon Cab to purchase insurance and that after insurance was purchased and financed by plaintiff, Shannon Cab did not make payments on the insurance. Plaintiff further alleges that defendant's attorney, Willan Franklyn Joseph ("Joseph"), ratified the contract by making claims against the insurance policy. Before the court now is an appeal by defendant from an order by Magistrate Judge M. Faith Angell granting plaintiff's motion to compel the production of certain documents. Docket No. 75. For the reasons stated

1

below, I vacate the order.

In my June 16 opinion, I affirmed in part and denied in part a previous discovery order. Docket No. 69. In that order, I upheld the portion of Judge Angell's order permitting plaintiff to depose defense counsel Joseph, based on evidence that emerged during discovery that Joseph provided Genoveva Valle ("Valle"), the president and sole shareholder of the defendant, non-legal assistance with her day-to-day business transactions with her insurance broker, Michael Gardner. Thereafter, in a letter dated July 6, 2010, plaintiff's counsel Gerald W. Spivack ("Spivack") wrote to Joseph requesting "copies of any and all documents and/or files pertaining to" five insurance claimants identified by name and claim number, as well as "any and all documentation relating to payments made by your office on behalf of Shannon Cab Co." Docket No. 76-1. Spivack's letter further stated that once he "had an opportunity to review these documents I will immediately schedule your deposition for a mutually agreeable time." *Id.* On August 9, 2010, Spivack faxed a follow-up letter to Joseph noting that he had not yet received a response to his July 6 letter and indicating that he would file a motion to compel if he did not receive a response within ten days. Docket No. 77-2. That same day, Joseph replied to Spivack's July 6 letter, objecting to the request for documents as untimely. Plaintiff then brought a motion to compel production of the documents, which defendant opposed. Docket Nos. 71–74. Judge Angell granted the motion to compel on October 7, 2010. Docket No. 75. Defendant now appeals Judge Angell's decision on

several grounds. Docket No. 76.

A magistrate judge's adjudication of a non-dispositive motion will be set aside only if it is found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a).

First, defendant argues that plaintiff did not try, as required by Local Rule 26(f), to resolve the discovery dispute before filing the motion to compel. *See* Local Rule 26(f) ("No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."). This court has previously found that counsel for a party failed to comply with Local Rule 26(f) when:

> counsel's only efforts to resolve this dispute prior to presenting it to the court took the form of the letter which originally requested the depositions followed by a series of telephone conversations between the secretaries of the attorneys involved in the action. There have apparently been no direct communications between counsel.

*Crown Cork & Seal Co. v. Chemed Corp.*, 101 F.R.D. 105, 106 (E.D. Pa. 1984) (Pollak, J.). Here, by contrast, there were direct communications between counsel, and in those communications defense counsel specifically objected to the plaintiff's document request as untimely because the request was made after the close of discovery. By expressing this objection, defendant indicated that it was unlikely to change its position and produce the requested documents to plaintiff. (And indeed, defendant continues to press this very

3

objection in this appeal.) Under these circumstances, plaintiff was not required to continue attempting to resolve the dispute prior to filing a motion to compel.

Defendant's second argument is more meritorious. Defendant argues that plaintiff failed to file a motion for an extension of time in accordance with Fed. R. Civ. P. 6(b), which requires a party seeking an extension after the time has expired to file a motion demonstrating that it failed to act because of excusable neglect. Rule 6(b) imposes "a strict requirement that litigants file formal motions for Rule 6(b) time-extensions when attempting to file in contravention of a scheduling order." *Drippe v. Tobelinski*, 604 F.3d 778, 784 (3d Cir. 2010) (citing *Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C. Cir. 2005)). The Third Circuit has recently emphasized that "a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect . . . , before permitting an untimely motion." *Id.* at 785.

The requirements of Rule 6(b) are to be observed. On April 30, 2009, Judge Angell issued an order requiring all remaining fact-based discovery to be completed by June 1, 2009. Since that time, no subsequent order extending discovery has been requested or granted. Plaintiff's current motion was styled as a motion to compel, not as a motion to extend the time for discovery, and the motion and Judge Angell's order make no mention of excusable neglect.

Accordingly, Judge Angell's order granting plaintiff's motion to compel is VACATED, without prejudice to plaintiff's entitlement, on remand, to renew its motion

4

to compel in conjunction with a motion to extend the period for discovery in accordance with Rule 6.

                                        BY THE COURT:

                                        /s/ LHP

                                        Pollak, J.